# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN K. MITCHELL, #K66722, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01236-JPG |
| ) | |
| NURSE RIBA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Brian K. Mitchell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at East Moline Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional violations that occurred during his incarceration at Pinckneyville Correctional Center ("Pinckneyville") in 2018. (Doc. 1, pp. 1-23). Plaintiff claims that Nurse Riba forced him to overdose on medication that he was prescribed for Hepatitis C. (*Id*. at pp. 1-8). He seeks declaratory and monetary relief. (*Id*. at p. 8).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-8): Plaintiff was diagnosed with Hepatitis C in 2015. (*Id*. at p. 4). On or around April 22, 2018, a doctor ordered

1

him to treat the condition with Epclusa by taking "ONE PO EVERY DAY every morning." (*Id.*). On April 23, 2018, Nurse Long explained the treatment plan to Plaintiff in "minute detail," emphasizing that Plaintiff was to take a *single* Epclusa tablet daily. (*Id.*). Plaintiff began the treatment plan on April 27, 2018, by ingesting a single tablet as prescribed. (*Id.*).

The following day, Nurse Riba deviated from the doctor's orders and gave Plaintiff four Epclusa tablets instead of one. (*Id.*). When Plaintiff questioned her, Nurse Riba told Plaintiff that questions were not allowed during med line. (*Id.*). When Plaintiff explained that he was only supposed to take a single tablet, Nurse Riba became irate and exclaimed, "Take them, or don't and treatment will stop!" (*Id.*). For five days in a row, Plaintiff was "forced to ingest the overdose under duress." (*Id.* at p. 5).

He soon began suffering from extreme pain and discomfort. (*Id.*). Plaintiff felt like his heart and head would "implode." (*Id.*). On May 3, 2018, he was urgently treated for an overdose in the prison's health care unit ("HCU"). (*Id.*). Plaintiff now suffers from long-term side effects of the overdose that include dizziness, chest pain, irregular heartbeat, difficulty breathing, fatigue, headaches, appetite loss, difficulty concentrating, and frequent sadness/irritability. (*Id.*).

## Discussion

Based on the allegations, the Court finds it convenient to designate a single count in the *pro se* Complaint:

> **Count 1:** Eighth Amendment deliberate indifference claim against Nurse Riba for causing Plaintiff to overdose on Epclusa in April 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

An Eighth Amendment claim for the denial of medical care arises where prison officials respond to an inmate's objectively serious medical condition with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff's medical condition is sufficiently serious to support an Eighth Amendment claim at this stage. *See Roe v. Elyea*, 631 F.3d 843 (7th Cir. 2011) (Eighth Amendment challenge by IDOC inmates to policies for treating Hepatitis C). *See also Outlaw v. Ridley-Turner*, 54 Fed. Appx. 229 (7th Cir. 2002) (assuming without deciding Hepatitis C is objectively serious medical condition) (citing *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805 (7th Cir. 2000) (medical condition diagnosed by physician as needing treatment is objectively serious); *Moore v. Duffy*, 255 F.3d 543 (8th Cir. 2001) (conceding Hepatitis C is serious medical condition). Nurse Riba's treatment of the condition with four times the prescribed dose of Epclusa, despite Plaintiff's protest and a doctor's orders to the contrary, supports a claim of deliberate indifference against the defendant at screening. Count 1 will receive further review against Nurse Riba.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, survives screening and will proceed against Defendant **NURSE RIBA**. **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

**The Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **NURSE RIBA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as

identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 5, 2020**         **s/J. Phil Gilbert**
                                    **J. PHIL GILBERT**
                                    **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**