IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN K. MITCHELL, #K66722, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-01236-JPG |
| | ) |
| NURSE RIBA, | ) |
| | ) |
|        Defendant. | ) |

**ORDER**

**GILBERT, District Judge:**

This matter is before the Court on a Motion to Set Aside Default (Doc. 21) filed by Defendant Nurse Reba Williams (incorrectly identified as "Nurse Riba"). The Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A on February 5, 2020. (Doc. 8). Pursuant to the Screening Order, Defendant was sent two requests for Waivers of Service of Summons on February 5, 2020 (Doc. 9) and February 13, 2020 (Doc. 11). The latter waiver was returned executed. (Doc. 12). Defendant was required to answer or otherwise respond to the Complaint on or before April 13, 2020. (*Id.*).

Defendant failed to move, answer, or otherwise plead in response to the Complaint. As a result, the Court entered an Order to Show Cause on June 17, 2020, directing Plaintiff to demonstrate why Defendant should not be dismissed based on Plaintiff's failure to prosecute his claim against her. (Doc. 13). Plaintiff filed a Motion for Entry of Default on July 2, 2020. (Doc. 14). The Clerk of Court entered default against Defendant in accordance with Federal Rule of Civil Procedure 55(a) on July 8, 2020. (Doc. 15).

On July 13, 2020, Defendant filed a Motion to Set Aside Default (Doc. 21). In the Motion, Defendant explained that counsel was not appointed to represent her in this matter when she

1

returned her executed waiver "due to the inadvertent failure to communicate [her] return of a waiver of service." (Doc. 21, ¶ 8). Although the surrounding circumstances are still under investigation, Defendant points out that she diligently attempted to cure the default by timely filing the instant motion before default judgment was entered. (*Id*. at ¶ 11). Moreover, she allegedly has a meritorious defense to Plaintiff's claim against her—because her decision to administer four Epclusa tablets to Plaintiff per day was based on a good faith belief that it was the correct dosage. (*Id*. at ¶ 12). She asks the Court to set aside the Clerk's Entry of Default. (*Id*. at ¶ 13).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). Defendant has satisfied the requirements for setting aside the default. Her failure to file a responsive pleading was inadvertent. (Doc. 21). Defendant acted quickly to correct default by filing a "Motion to Set Aside Default" soon after learning of the default entered against her. (*Id*.). Defendant further asserts that she has a viable defense against Plaintiff's claim(s). (*Id*.). Under the circumstance, Defendant's Motion to Set Aside Default (Doc. 21) is **GRANTED**. The Entry of Default (Doc. 16) is **VACATED**. Defendant shall file her responsive pleading no later than **July 21, 2020**.

    **IT IS SO ORDERED.**

    **DATED: 7/14/2020**

    s/J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**