IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN K. MITCHELL, #K66722, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-01236-JPG |
| REBA WILLIAMS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the Second Amended Complaint filed by Plaintiff Brian K. Mitchell. (Doc. 39). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional violations that occurred at Pinckneyville Correctional Center ("Pinckneyville") when Nurse Reba Williams allegedly caused him to overdose on medication prescribed for Hepatitis C. (Doc. 39, pp. 1-20). Plaintiff seeks declaratory and monetary relief. (*Id*. at 8).

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 39, pp. 1-7): Plaintiff was diagnosed with Hepatitis C in 2015. (*Id*. at 4). On or around April 22, 2018, a

1

doctor ordered him to treat the condition with Epclusa by taking "ONE PO EVERY DAY every morning" with instructions to medical staff that specifically stated, "ONLY GIVE 1 EPCLUSA TABLET EACH DAY." (*Id*.). On April 23, 2018, Nurse Long explained the treatment plan to Plaintiff in detail, emphasizing that he was to take a *single* Epclusa tablet daily. Plaintiff began the treatment plan on April 27, 2018, by ingesting a single tablet as prescribed. (*Id*.).

The following day, Nurse Williams deviated from the doctor's orders and gave Plaintiff four Epclusa tablets instead of one. When Plaintiff questioned her, Nurse Williams told Plaintiff that questions were not allowed during med line. When Plaintiff explained that he was only supposed to take a single tablet, Nurse Williams became irate and exclaimed, "Take them, or don't and treatment will stop!" (*Id*.). For five days in a row, Plaintiff was "forced to ingest the overdose under duress." (*Id*. at p. 5).

He soon began suffering from extreme pain and discomfort. Plaintiff felt like his heart and head would "implode." (*Id*.). On May 3, 2018, he was urgently treated for an overdose in the prison's health care unit. Plaintiff now suffers from long-term side effects of the overdose that include dizziness, chest pain, irregular heartbeat, difficulty breathing, fatigue, headaches, appetite loss, difficulty concentrating, and frequent sadness/irritability. (*Id*.).

## Discussion

Based on the allegations, the Court finds it convenient to designate a single count in the *pro se* Second Amended Complaint:

> **Count 1:** Eighth Amendment deliberate indifference claim against Nurse William for causing Plaintiff to overdose on Epclusa in April 2018.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under Twombly.**[1]

An Eighth Amendment claim for the denial of medical care arises where prison officials respond to an inmate's objectively serious medical condition with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). As previously held, Plaintiff's medical condition is sufficiently serious to support an Eighth Amendment claim. *See* Doc. 8 (citing *Outlaw v. Ridley-Turner*, 54 Fed. Appx. 229 (7th Cir. 2002) (assuming without deciding Hepatitis C is objectively serious medical condition) (citing *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805 (7th Cir. 2000) (medical condition diagnosed by physician as needing treatment is objectively serious); *Moore v. Duffy*, 255 F.3d 543 (8th Cir. 2001) (conceding Hepatitis C is serious medical condition)). Nurse Williams' treatment of the condition with four times the prescribed dose of Epclusa, despite Plaintiff's protest and a doctor's orders to the contrary, supports a claim of deliberate indifference against the nurse. Accordingly, Count 1 survives screening.

## Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 39), including **COUNT 1**, survives screening and will proceed against Defendant **NURSE REBA WILLIAMS**.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint (Doc. 39) on or before **MAY 25, 2021**, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

Plaintiff is, once again, **ADVISED** that he is under a continuing obligation to keep the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 12, 2021**                               <u>s/J. Phil Gilbert</u>
                                                            **J. PHIL GILBERT**
                                                            **United States District Judge**