IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN K. MITCHELL, #K66722, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01236-JPG |
| ) | |
| REBA WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Pending before the Court is Plaintiff Brian Mitchell's Motion to Compel Production of Documents filed May 18, 2021. (Doc. 41). Defendant Reba Williams filed a Response on June 10, 2021. (Doc. 44). The Court held a hearing on July 20, 2021. (Doc. 52). Plaintiff appeared via video, and Defendant Reba Williams appeared by and through counsel, Attorney Ryan C. Wallis. (*Id*.). For the reasons set forth below, the Motion to Compel (Doc. 41) is **GRANTED in part** as to Request No. 1 and **DENIED in part** as to Request Nos. 2 and 4.

### Background

**A.     The Complaint**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1, pp. 1-23). In the Complaint, Plaintiff claims that Nurse Reba Williams forced him to take four times the prescribed dose of medication for Hepatitis C during a five-day period beginning April 28, 2018. (*Id*. at 1-8). This overdose caused serious side effects. (*Id*.). Following threshold review of this matter under 28 U.S.C. § 1915A on February 5, 2020, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference claim against Nurse Williams for causing Plaintiff to

1

overdose on Epclusa in April 2018 ("Count 1"). (Doc. 8). Plaintiff was granted leave to amend the Complaint on November 17, 2020, and proceeds with Count 1 against the nurse. (Doc. 39).

**B.     Disputed Discovery Matters**

The Court entered a Scheduling and Discovery Order on July 22, 2020. (Doc. 26). Pursuant to it, the parties were required to complete all discovery on the merits of Plaintiff's claim no later than May 25, 2021. (*Id.*). A week before this deadline, Plaintiff filed a Motion to Compel Production of Documents. (Doc. 41).

Plaintiff identifies three (3) requests that are in dispute from Plaintiff's First and Second Requests for Production of Documents:

> **Request No. 1:** All documents that mention Nurse Reba Williams['] disciplinary history, ie, grievances, complaints or incident reports filed against her
>
> **Request No. 2:** All documents / evidence that mention how hepatit[i]s-C is treated and monitored by Wexford Health Services ([b]oth before and after treatment.)
>
> **Request No. 4:** All Tele-Med (video visit) with plaintiff both before and after overdose

(*See* Doc. 41, pp. 1, 4, 9). The Court addresses each of these requests below.

## Analysis

**A.     Relevant Authority**

Federal Rule of Civil Procedure 26(b)(1) permits discovery of any matter relevant to the subject matter of the pending action, as long as the information is not privileged. The sought-after information need not be admissible at trial to be discoverable. FED. R. CIV. P. 26(b)(1). It must be reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case.[1]  *Id*. The Supreme Court has interpreted relevance broadly in this context to

---

[1] When determining the scope of discovery, the following factors are also relevant: the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* FED. R. CIV. P. 26(b)(1).

include any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Federal Rule of Civil Procedure 37 allows any party to request a court order compelling discovery responses where the opposing party fails to respond to discovery, provides evasive responses, or offers incomplete responses.[2] FED. R. CIV. P. 37(a)(3)(B)(iv). The motion must include a certification that the moving party has attempted to confer with the opposing party and attempted to resolve the discovery dispute in good faith before seeking court intervention. *See* FED. R. CIV. P. 37(a)(1).

The Court finds that the parties attempted informal resolution of their discovery dispute in good faith before Plaintiff filed the instant motion. Plaintiff served Nurse Williams with the First Requests for Production of Documents on January 28, 2021. (*Id*. at pp. 1, 4). Nurse Williams issued Defendant's Objections and Responses to Plaintiff's Requests for Production on March 1, 2021. (*See* Doc. 44, Ex. C). Plaintiff wrote Nurse Williams a letter seeking complete responses to the three requests for production of documents at issue. (Doc. 41, p. 7). He then served Nurse Williams with Plaintiff's Second Requests for Production of Document on April 30, 2021, before filing the instant Motion to Compel on May 18, 2021. (*Id*. at pp. 1, 9). Nurse Williams explains that she received the second set of requests on May 6, 2021, and issued a response in a letter dated May 14, 2021. (Doc. 44, p. 6 at Ex. D). Having failed to resolve the disputes, Plaintiff turned to the Court seeking an order compelling responses to three requests addressed below.

---

[2] An incomplete or evasive response is treated as no response at all. *See* FED. R. CIV. P. 37(a)(4).

3

B.    **Requests for Production of Documents**

1.  **Request No. 1: All documents that mention Nurse Reba Williams' disciplinary history, *i.e.*, grievances, complaints or incident reports filed against her**

Plaintiff wishes to obtain documents pertaining to Nurse Williams' disciplinary history, particularly as it pertains to her improper administration of medication to inmates. Nurse Williams discloses no knowledge of disciplinary action taken against her and indicates that she is not in possession, custody, or control of her personnel file. Although the Illinois Department of Corrections may have such information, Nurse Williams has not inquired into this matter.

The Court finds that records of past or pending disciplinary action against the nurse for improper administration of medication to inmates is relevant to Plaintiff's claim in this case. Accordingly, the Court shall grant Plaintiff's request for production of the nurse's disciplinary history, such as grievances, complaints, or incident reports, but only to the extent Nurse Williams is able to obtain this information, as follows: Defendant's counsel shall inquire into the Illinois Department of Corrections' possession of complaints against Nurse Williams for failing to provide inmates with appropriate medications and file a written report outlining the IDOC's response with the Court and Plaintiff on or before August 3, 2021.

2.  **Request No. 2: All documents / evidence that mention how hepatit[i]s-C is treated and monitored by Wexford Health Services. (Both before and after treatment.)**

The Court shall deny Plaintiff's Request No. 2. Wexford is not a party to this action, and Defendant Williams is not in possession, custody, or control of policies of this third-party medical provider. Moreover, the parties do not dispute that a policy, custom, or practice of Wexford resulted in Plaintiff's overdose on medication.

3. **Request No. 4: All Tele-Med (video visit) with plaintiff both before and after overdose.**

Although Plaintiff requests all Tele-Med video visits with Plaintiff, Nurse Williams explained that all Tele-Med appointments are listed in Plaintiff's medical records that were already produced to him. Video footage would be maintained, if at all, by the facility where he was housed during each Tele-Med visit, *i.e.*, presently East Moline Correctional Center. However, Nurse Williams is not in possession, custody, or control of any video recordings of Tele-Med appointments with Plaintiff. In light of this, the Court shall deny Request No. 4.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. 41) is **GRANTED in part and DENIED** in part, as follows: Plaintiff's motion to compel a response to Request No. 1 is **GRANTED**, as follows: Defendant's counsel is **ORDERED** to inquire into the Illinois Department of Corrections' possession of complaints against Nurse Williams for failing to provide inmates with appropriate medications and file a written report outlining the response received from this inquiry on or before **AUGUST 3, 2021**. However, Plaintiff's motion to compel responses to Request Nos. 2 and 4 is **DENIED**.

**IT IS SO ORDERED.**

DATED: **July 22, 2021**    s/ J. Phil Gilbert
                             **J. PHIL GILBERT**
                             **United States District Judge**